The opinion of the Court was delivered by
Wardlaw, Ch.
The order of the Chancellor in this case, is upon a matter within his judicial discretion, and confessedly not the subject of appeal, unless he has violated the procedure of the Court in doing more than sustaining or dissolving the injunction granted by the Commissioner. The principal ground of appeal is, that the Chancellor directed the transfer of the custody of the infant pending the suit from the plaintiff, his aunt, to the defendant, his father. This is a mere provisional direction, not concluding the ultimate right of the parties, and guarded against such conclusion of right by security which the Chancellor, in his discretion, thought sufficient. It is the familiar practice of the Court to preserve by adequate security, the *254 subject of litigation during a suit. Ellis vs. Commander, 1 Strob. Eq. 188. And here where the custody of an infant is the subject of suit, the Court is fully justified in making interim arrangements for his custody. We desire to avoid, as the Chancellor manifestly avoided, any pre-judgment-of the merits of the case; and this restrains us from full discussion. But it is proper to state, that when the order was made, the natural right of the father to the custody of his child did not appear to be infringed by misconduct on his part, or by consequential injury to the interests of the child. What is spoken of as a transfer of custody is simply restoring to the father until further order that practical control of his child, which for a time he had exercised vicariously, but without any abandonment of right. As the natural custodian, he was entitled to keep the subject pendente lite, where no very strong objection was proved, or even stated. We perceive no reason to be dissatisfied with this exercise of the Chancellor’s discretion.
It is ordered and decreed that the appeal be dismissed.
Johnston and Dunkin, CC., concurred.
Dargan, Ch., absent at the hearing.

Appeal dismissed.